Dear Mr. Bussie:
You have requested an opinion from this office as to the status of a teacher on "approved leave" and whether he or she is in compliance with requirements of LA R.S. 17:31(C)(2). Specifically, you have asked the following question:
 "Is a teacher who is employed by a city, parish, or state school system eligible to serve on the State Advisory Commission on Teacher Education and Certification while on a temporary leave without pay from his/her employing school board?"
LA R.S. 17:31C (2) provides that a member of the State Advisory Commission shall be removed from the Commission and his seat declared vacant if, "The member fails to remain actively employed in the employment position he was appointed to represent." LA R.S. 17:31B (1) provides that to be appointed and serve as a member of the State Advisory Commission of Teacher Education and Certification, all persons shall have "[a] minimum of five years of employment in this state in the employment position the person is appointed to represent as well as current employment in such position."
The critical issue is whether a teacher on "approved" leave fulfills the criteria of being actively and currently employed. Since the Revised Statutes do not define active or current employment it is important to examine the rights a school teacher retains while he or she is on "approved" leave.
LA R.S. 17:1186 provides for the preservation of a teacher's tenure rights when leave of absence is granted without pay. It states:
 A. "Parish and city school boards throughout the state may grant leave of absence without pay, for periods not exceeding one year, to any regularly employed teacher or other employee, who requests such leave in writing, whenever in the discretion of the board such leave is in the best interest of the public school system. The granting of such leave shall not affect any tenure rights which the applicant may have acquired prior thereto." (Underlining is our own emphasis)
Since the Commission member in the present case has been placed on leave of absence by her employing school board, the school board is obviously of the opinion that such leave is the best interest of the public school system. Additionally, as indicated in your opinion request, the collective bargaining agreement executed in the case-at-hand between the teacher's employing school board and the union grants the teacher the right to return to a classroom teaching position. The teacher is this instance is employed by the Jefferson Parish School Board. The Personnel Policy Manual for the Jefferson Parish Public School System Section IV (pg. 92) provides "The Board is obligated only to reassign a returning employee who is granted such special leave of absence without pay to a teaching position in which the person is certified or to an equivalent non-teaching position if the employee is not a teacher." Until the expiration of a teacher's approved leave, his or her job would be encumbered.
Additionally, Article 72 of the Agreement between the Jefferson Federation of Teachers and the Jefferson Parish School Board allows teachers to "maintain any insurance provided teachers by making timely payment of all premium due to the Board's business office, or designee, provided such is allowed by the insurance carrier." Therefore, the right to obtain insurance to a teacher is still preserved when on "approved" leave.
Section K of the Personnel Policy Manual restricts an employee from being employed in the educational system except under extenuating circumstances approved by the Assistant Superintendent for Personnel Relation. The fact that an employee can not be employed in the educational system except under extenuating circumstances emphasis that a teacher would be "currently" and "actively" employed while on "approved" leave.
In the present case, pursuant to the collective bargaining agreement between the Jefferson Parish School Board and the Jefferson Federation of Teachers, this teacher continues to accrue sick leave and retirement benefits. Therefore, relying on the above information, it is the opinion of this office that the commission member was placed on "approved" leave of absence by her employing school board on a temporary basis to serve on the State Advisory Commission on Teacher Education and Certification and is still "employed" as set forth in LSA R.S. 17:31.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RIP/BAC:pa 0010pb